Filed 4/17/23  P. v. Hoang CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>HUNG LINH HOANG,<br><br>    Defendant and Appellant. | G061595<br><br>(Super. Ct. No.  03WF1095)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Jonathan S. Fish, Judge.  Affirmed.

James R. Bostwick, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

This is the second appeal in which appellant has challenged an order denying his request for resentencing under former Penal Code section 1170.95.[1] As we did in the first appeal, we affirm the trial court's denial order utilizing the review procedures set forth in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). *Wende* review applies in this case because appointed counsel filed a brief saying his thorough review of the record failed to reveal any arguable issues to raise on appellant's behalf. At our invitation, appellant then filed supplemental briefing on his own behalf. However, having considered that briefing, and having reviewed the entire record as required under *Wende*, we conclude there are no arguable grounds for disturbing the trial court's ruling.

PROCEDURAL BACKGROUND

In 2004, appellant was convicted of attempted premeditated murder and street terrorism. (§§ 664/187, subd. (a); 186.22, subd. (a).) The jury also found true allegations he personally used a firearm and acted for the benefit of a criminal street gang. (§§ 12022.53, subds. (a) & (b), 12022.5, subd. (a), 186.22, subd. (b).) The trial court sentenced him to life in prison with the possibility of parole for the attempted murder, plus 10 years.

On appeal, we affirmed the judgment. (*People v. Hoang* (Apr. 28, 2006, G034779) [nonpub. opn.].) However, on subsequent habeas review, we reversed appellant's street terrorism conviction because he acted alone when trying to murder the victim. (*In re Hoang* (Dec. 29, 2016, G052501) [nonpub. opn.].)

In 2019, appellant filed his first petition for resentencing under former section 1170.95. After the petition was summarily denied, we affirmed in a *Wende* opinion on two grounds. First, at that time, section 1170.95 did not apply to the crime of attempted murder. Second, appellant's conviction for that offense was not based on

[1] That section has since been renumbered without substantive change as Penal Code section 1172.6. (Stats. 2022, ch. 58, § 10.) All further statutory references are to the Penal Code.

2

imputed liability but on his own conduct in attempting to murder the victim with malice aforethought.  (*People v. Hoang* (Sept. 27, 2019, G057524) [nonpub. opn.].)

In 2022, appellant filed a new petition for resentencing, and again the trial court turned it down based on appellant's failure to make a prima facie case for relief. That ruling led to this appeal.

## DISCUSSION

Appellant's extensive supplemental briefing raises multiple contentions, most of which are geared toward his underlying trial and conviction.  But the only issue before us is the propriety of the trial court's decision to deny his second petition for resentencing.  For reasons we now explain, there is no reason to disturb that ruling.

Former section 1170.95 was enacted to limit the scope of imputed liability for the crime of murder and provide a procedural mechanism for convicted murderers to petition for resentencing under certain circumstances.  (*People v. Lewis* (2021) 11 Cal.5th 952.)  In its original form, the statute applied only to defendants who were convicted of murder, but in 2021, the Legislature broadened its scope to include defendants who were convicted of attempted murder.  (Stats. 2021, ch. 551.)

However, the statute specifies that resentencing is available to attempted murderers only if they were convicted pursuant to the natural and probable consequences doctrine.  (Stats. 2021, ch. 551; § 1172.6, subd. (a).)  Under that doctrine, a defendant who aids and abets criminal conduct is guilty of not only the target crime but any nontarget crime the perpetrator commits that is a natural and probable consequence of the target crime.  (*People v. Chiu* (2014) 59 Cal.4th 155, 161.)  In other words, the natural and probable consequences doctrine is a theory of imputed liability that applies when an accomplice, not the defendant, commits an offense stemming from their original criminal scheme.

In this case, though, there were no accomplices, so appellant's jury was not instructed on the natural and probable consequences doctrine.  Indeed, the record shows

3

appellant acted alone in trying to murder the victim, which is why his street terrorism conviction was overturned. Since appellant was convicted of attempted premeditated murder based on his *own* actions and his *own* mental state, he is ineligible for resentencing as a matter of law.

In arguing otherwise, appellant draws our attention to the instructions his jury received on the lesser included offense of assault. Per CALJIC No. 9.00, the jury was told:

"In order to prove an assault, each of the following elements must he proved:

"1. A person willfully committed an act which by its nature would probably and directly result in the application of physical force on another person;

"2. The person committing the act was aware of facts that would lead a reasonable person to realize that as a direct, natural and probable result of this act that physical force would be applied to another person; and

"3. At the time the act was committed, the person committing the act had the present ability to apply physical force to the person of another."

Present ability was defined to mean "that at the time of the act which by its nature would probably and directly result in the application of physical force upon the person of another, the perpetrator of the act must have the physical means to accomplish that result." (CALJIC No. 9.01.)

Given the use of the terms "natural" and "probable" in these instructions, appellant speculates he may have been convicted of attempted murder under the natural and probable consequences doctrine. But these instructions were limited to the crime of assault. They were not linked in any fashion to the crime of attempted murder.

Moreover, it is clear the natural and probable terminology used in these instructions was used to describe the requisite connection between appellant's own conduct and the expected result of that conduct. It did not refer to any connection

4

between appellant's conduct and the criminal activity of another person. Therefore, it did not implicate the natural and consequences doctrine referenced in section 1170.95. That being the case, appellant does not come within the scope of the statute.

Having independently reviewed the record for any other arguable error, we conclude there is no tenable basis to challenge the trial court's ruling. Therefore, we are powerless to disturb it. (*Wende, supra*, 25 Cal.3d 436.)

## DISPOSITION

The trial court's order denying appellant's petition for resentencing is affirmed.


BEDSWORTH, J.

WE CONCUR:


O'LEARY, P. J.


DELANEY, J.

5